IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE ET AL., <br> Plaintiffs, <br> v. <br> ROSS ISLAND SAND & GRAVEL CO., <br> Defendant. | No. C 12-01464 CRB <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs move for default judgment against Defendant, which has not responded to Plaintiffs' motion or even appeared in this case at all. See Mot. for Default (dkt. 22). Entry of default judgment under Federal Rule of Civil Procedure 55(b) is discretionary, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), and turns on various factors including the sufficiency of the complaint and the sum of money at stake, see Eitel v. McCool, 782 F.2d 1470, 1471-71 (9th Cir. 1986). The Court's review of Plaintiffs' Complaint and motion revealed both a pleading insufficiency and uncertainty regarding the documentation of the requested monetary relief.

As for pleading, Plaintiffs' motion seeks liquidated damages and interest on "previously late-paid contributions" by Defendant between January 2010 and November 2011, see Mot. for Default at 1; Hayner Decl. ¶3(a), but the Complaint contains no allegations of such late payments nor does the prayer for relief request those sums. See Complaint (dkt. 1).

On damages, Plaintiffs' papers set out its calculations, including a figure of $18,214.62 in liquidated damages on an unpaid contribution balance of $13,513.15 for August 2011. Mot. for Default at 1; Hayner Decl. ¶3(b). According to Plaintiffs' motion and supporting declarations, liquidated damages are equal to 20% "of the amount due for contributions." Mot. for Default at 1; Williams Decl. ¶6. Twenty percent of $13,513.15 is $2704.63–over fifteen thousand dollars lower than the figure Plaintiffs use for liquidated damages on unpaid August 2011 contributions. Absent further explanation, the Court cannot accept Plaintiffs' calculations.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument, VACATES the hearing currently scheduled for Tuesday, August 28, 2012, and DENIES Plaintiffs' motion. Plaintiffs remain free to amend the complaint to address the pleading insufficiency just described, and to move for default judgment on the amended pleading, so long as any such motion explains the apparent discrepancy in the liquidated damages calculation.

**IT IS SO ORDERED.**

Dated: August 24, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE